Parker C. J.
There are probably but few cases in which some incidental remarks of the judge during the trial may not be liable to objection, but I doubt whether .they would furnish ground for a new trial.
We do not wish to settle the question before us without deliberating upon it. No doubt parties have rights even against members of the Court. On the other hand, the judges have rights in regard to the time in which they shall be called upon to make reports, and as to the manner of making them. In a case in Pennsylvania, the court object against reporting at length the charge of the judge.
Parker C. J. now said in substance, that this petition must be considered as an application to the whole Court to compel one of its members to perform his duty, or as an appeal from the judge at nisi prius, or as an application to the whole Court for their advice to the judge ; and in either view we have no power to interfere. Whether the judge shall make a report or not, is a matter entirely within his discretion. There is a statute provision which is compulsory on the judge at nisi prius. It allows a party aggrieved to allege exceptions; which being reduced to writing and found conformable to the truth of the case, are to be allowed and signed by the judge. But the bill of exceptions is required to be presented to the judge before the adjournment of the court without day ; and for a good reason, namely, because many things said and done at the trial rest only in the judge’s memory.
In the case before us, soon after the verdict, notice was *260 given to the judge that there would be a motion fpr a new trial, but Up0n what ground, was not stated. A report, drawn up by the defendant and his counsel, was presented to the judge a day or two before the close of the term. He said it should be submitted to' the solicitor-general. This is usual where a report is drawn up by one of the parties ; and if the other party is satisfied with it, the judge affixes his signature. Here the solicitor-general certifies that the charge is correctly reported, but that he has not examined the statement of the evidence. Some weeks afterward the charge is sent to the judge, with many exceptions taken to it, and he is requested to report the case. He accordingly makes a report, but it is not satisfactory to the defendant. And the ground of complaint is, that he does not report the whole charge. Now we think that in no case is a judge required to report the charge in extenso. Indeed it would be requiring an impossibility, as the charge is delivered generally ore tenus.
But it will be objected, that the judge may have said many things tending to make the jury incline to one side or the other. This would seem to raise the question, whether a judge may reason upon the facts, and if he intimates to the jury his own opinion of the evidence, whether this shall be cause for setting aside the verdict. We know of no rule requiring the judge to conceal his opinion. He is to comment upon the evidence. Is he to do it by merely stating that one witness says this thing and another says that ? Has he not power to say, this evidence is weak and that evidence is strong ? For myself, where the evidence on one side is nearly balanced by counter evidence, I endeavour to leave it to the jury to decide which scale preponderates ; but if the evidence on one side is strong, compared with that on the other side, I think it my duty to make the jury comprehend that it is so.[1]
It is said the tendency of the judge’s remarks was, to affect the jury unfavorably to the defendant’s side of the case. The *261 next step will be, to move for a new trial on account of the expression of countenance of the judge. These things, if evils, are unavoidable. Confidence must be reposed in the integrity of the judge. If an unjust partiality is shown, the remedy must be in one of the modes pointed out in the constitution. Though an undue influence may be exerted upon the jury by the manner of a judge, yet the law presumes intelligence in the jury ; and if they perceive any improper attempt of the kind, they will be more likely to find a verdict against the opinion of the judge, than in accordance with it. Undoubtedly the manner of instructing the jury sometimes has an undue effect upon their verdict, but it results from the imperfection of the system. If the evidence in such case does not sustain the verdict, a new trial will be granted ; there is no other remedy.
Morton J.
The opinion of the Court, just delivered by
the chief justice, was formed upon the representations contained in the defendant’s petition ; and no inquiry into their correctness was deemed necessary or proper. But, in fact, many of them are so erroneous, that my duty to the Court, as well as to myself, seems to require of me a brief explanation of the transaction.
During the trial, one point of law only was raised and discussed. In relation to this, I adopted, substantially, the doctrine contended for by the defendant’s counsel, and I did not believe that, upon reflection, they would except to this part of the charge. No dissatisfaction with any principle of law advanced to the jury was then expressed ; and I did not expect that the defendant’s counsel would finally desire to have the case reported. I however, immediately after the termination of the trial, requested them to make a motion for a new trial, stating distinctly the grounds on which they relied and the points in reference to which they .wished to have a report made. And afterwards, when they proposed to deliver it to me, I desired them first to show it to the solicitor-general. This the defendant’s counsel misunderstood to be a request to them to prepare a report of the case. And although, in pursuance of this misapprehension, they were engaged in preparing a full report of the case, yet I never understood that the paper produced *262 by them was any thing more than a statement of their views and the points which they wished to have presented in the report which I was to prepare.
■ More than six weeks after the trial, and after the defendant had published a report of it, I received from the defendant’s counsel a paper purporting to be a report of my charge to the jury in extenso. This report (which appeared to be a copy of the charge as printed in the pamphlet) they wished me to sign as it was, or, if incorrect, to correct it and then sign it. But upon examination, I found it so inaccurate and so very different from the charge as it was delivered, that I could neither adopt it nor derive much aid from it in preparing a correct report. Indeed, after such a lapse of time, it was impossible to make an accurate report of the whole charge ; nor -could -it have been done, had application been made immediately after its delivery.
Charges to juries must necessarily be made orally, and it would, in all cases, be impracticable to preserve literal reports of them. It is not the right of either party to have an exact account of every thing said to the jury ; nor would it at all promote the correct administration of justice. It is enough that all principles of law laid down by a judge at nisi prius, are open to exceptions, and that great facilities are furnished for the revision of them by the whole Court.
To the report of the charge which was sent to me by the defendant’s counsel, forty-six exceptions were taken ; besides a motion for a new trial, because the verdict was against law and evidence. Principles and remarks were imputed to me which I never advanced, and to these erroneous statements exceptions were tendered. Had the charge been reported as delivered, almost all of them would have been inapplicable.
It was literally impossible for me to make the report which was desired by the defendant’s counsel. But had it then been in my power to state the charge verbatim, I should have deemed it improper to establish so inconvenient a "precedent.
1 understand the rule to be, that if any party wishes to have a point of law saved, or any principles stated by a judge to the jury revised, he must raise the point or take the exception at the time ; and that if he then omits to do it, he cannot after- *263 wards claim a right to have it presented by the judge. I am not disposed to adhere very rigidly to this rule.
In the trial of the defendant, I had carefully reduced to writing, and read from my brief, some of the main principles advanced to the jury as applicable to the case. About these I cannot be mistaken. And even at this late day, if the defendant’s counsel desire it, they may have any of these principles reexamined by the whole Court.
I also took pretty full minutes of the evidence. And although they differ in many respects from the printed report, yet, as they were taken with great care, I have confidence in their accuracy. If the defendant’s counsel wish to move for a new trial because the verdict is against evidence, they may have my entire minutes on which to found it; and this is the only-report of the evidence now in my power to make.
In reply to some remarks of the defendant’s counsel, Morton J. said he did not mean to impute to them any intentional misrepresentation of his charge.

 See Jarman v. Howard, 3 Marshall, (Ken.) 384 ; Conner v. State, 4 Yerger, 137; Sneed v. Creath, 1 Hawks, 309; Gordon v. Tabor, 5 Vermont R, 103: Burt v. Gwinn, 4 Harr. & Johns. 507; Roper v. Stone, Cooke, 499; Matson v. Fry, 1 Watts, 433; Governor v. Shelby, 2 Blackiord, 26; Stauffer v. Lat-show, 2 Watts, 167.